**Ann–Marie ROUSE, Plaintiff,**

v.

**Charles BOLDEN, individually, Andrew P. O'Rourke, individually, Mary Glass, individually, the Westchester County Board of Legislators, and the County of Westchester, Defendants.**

**No. 97 CIV. 06367(BDP).**

United States District Court, S.D. New York.

March 1, 1999.

Kim Berg, Lovett & Gould, White Plains, NY, for Plaintiff.

David S. Poppick, Epstein Becker & Green, P.C., Stamford, CT, for Defendants.

**MEMORANDUM DECISION AND ORDER**

BARRINGTON D. PARKER, Jr., District Judge.

Plaintiff Ann–Marie Rouse originally brought this suit against Charles Bolden, the Assistant Commissioner of the Westchester County ("County") Department of Social Services; Andrew P. O'Rourke, the former County Executive; Mary Glass, the former County Commissioner of Social Services; the County Board of Legislators; and the County; alleging that she was discriminated against on the basis of her gender and race in violation of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §§ 1983 and 1985, and New York Executive Law § 296 et seq. Plaintiff's claims against O'Rourke and Glass, as well as her third, fourth, and fifth claims for relief under New

York Executive Law § 296 were discontinued with prejudice by November 7, 1997 stipulation and order. In addition, plaintiff has withdrawn her claims of race based discrimination and acknowledged that the reference to § 1985 was a typographical error.

Defendants now move for summary judgment on the remaining claims. Defendants' summary judgment motion is denied. This Court finds that disputed issues of material fact exist with respect to, *inter alia*, whether the County had a practice of failing to address adequately complaints of harassment, including those of Rouse; whether Jesse Dixon's alleged harassment of Rouse was unwelcome; and whether the alleged conduct was sufficiently severe or pervasive to constitute a hostile working environment.

 Defendants also contend that defendant Bolden is entitled to qualified immunity for his investigation in this case.[1] Rouse, on the other hand, argues that Bolden's actions in investigating her allegations were so ineffectual as to constitute deliberate indifference to her claims. In our circuit, "[a] qualified immunity defense is established if (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Salim v. Proulx*, 93 F.3d 86, 89 (2d Cir.1996). In addition, "[a] supervisor may be liable when he has been deliberately indifferent to an employee's complaints of sex discrimination." *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir.1998).

In this case, Rouse contends that Bolden conducted only a *pro forma* investigation, one largely intended to created a paper record, but not intended as a meaningful remedial inquiry. For example, Rouse claims that when, during the course of the investigation, she advised Bolden that she had been sexually harassed by Dixon, he laughed at her concerns and referred to Dixon as her "boyfriend." When construed favorably to Rouse, as is the standard on a summary judgment motion, *see, e.g., Wernick v. Federal Reserve Bank of New York*, 91 F.3d 379, 382 (2d Cir.1996), a rational jury could find

that Bolden's behavior evidenced a deliberate indifference to Rouse's complaints and indicated that Bolden would not undertake a serious investigation into Rouse's allegations.

For his part, Bolden contends that his investigation was undertaken in good faith, and that in connection with Rouse's complaints he interviewed several witnesses, informed the proper parties about his investigation and conclusions, reviewed the sexual harassment policy and procedure with Dixon and Rouse, told Rouse that she had the right to go to the Office of Affirmative Action, and reviewed Dixon's past personnel file for any past sexual harassment complaints and found none. But Bolden cannot recall formally interviewing Rouse about her complaints, and it is undisputed that he did not interview all of the people Rouse named as potential witnesses. In addition, Bolden failed to investigate an incident of which Rouse informed him on February 2, 1996, in which she alleged that Dixon had attempted to kiss her while the two of them were in an elevator. Moreover, it was not until the following year, 1997, after two other women had complained of sexual harassment by Dixon, that Bolden described reviewing the personnel and procedures booklet in detail with Dixon, with emphasis on what constituted sexual harassment and retaliation. On August 5, 1997, Rouse complained again of sexual harassment by Dixon to Lois Morgan, the Office Assistant and Shop Steward.

 On the record presented, this Court cannot at this time conclude that Bolden was not deliberately indifferent to Rouse's claims of sexual harassment by Dixon. *See, e.g., Poulsen v. City of North Tonawanda, New York*, 811 F.Supp. 884, 899 (W.D.N.Y.1993) (triable issues of fact precluded summary judgment on qualified immunity issue where defendant conducted investigation in which he interviewed 33 people and concluded that no action was warranted against alleged harasser, stating, "It would be premature to foreclose [plaintiff's] suit against [defendant] because the extent of his efforts is in dispute."). If Bolden was deliberately indifferent to Rouse's complaints, and in doing so, "knowingly allowed an offensive and hostile

---

1. Oral argument was held on this issue on February 16, 1999.

work environment to exist and failed to protect plaintiff[ ] from harassment and retaliation," the trier of fact could conclude that he violated Rouse's constitutional rights and is not entitled to qualified immunity. *Id.* at 898. Accordingly, Bolden's motion for qualified immunity is denied, with leave to renew at trial.

**SO ORDERED.**